No. 3092.—Eliza Corrie, Testamentary Executrix, v. Estate of James Billiu.

A promissory note that has not been properly stamped with the required amount of internal revenue stamps can not be admitted in evidence on the trial of the case, nor can the judge who is presiding authorize the plaintiff to stamp it in his presence. In such a case the note must be stamped by the revenue collector of the district, and the fine must be either paid or remitted by the collector before the note can be received in evidence. 14 U. S. Statutes at Large, page 1.

APPEAL from the Third District Court, parish of Lafourche. *Train*, J. *Bush & Good*, for plaintiff and appellee. *E. W. Blake*, for defendant and appellant.

HOWELL, J. This is an action upon two promissory notes, to which the defense is that one of the notes is prescribed and the other is dependent on a condition reprobated by law and not yet happened. A record from the United State Provisional Court for Louisiana was offered in evidence to show interruption of prescription, and was objected to on the ground that said court was not known to the law. The objection was properly overruled. See the case of Burke *v.* Tregre, 22 An. 629.

Objection was made to the introduction of the second note, because it was not stamped according to law; and to the ruling of the judge *a quo*, permitting plaintiff to affix and cancel the stamp before the court, a bill of exceptions was reserved.

Plaintiff relies on the act of Congress, thirtieth June, 1864, sec. 163 (13 Statutes at Large, p. 295), to sustain the ruling of the judge. This section was repealed by the act of July 13, 1866 (14 Statutes at Large, pages 143–4, section 9), which provides that no written instrument

requiring a stamp shall be used as evidence in any court until stamped as prescribed by law, that is, by the collector of the district upon payment of the penalty or remission by said collector. The objection, therefore, should have been sustained and the note excluded. Without it, there is nothing to authorize judgment for its amount.

It is therefore ordered that so much of the judgment appealed from as relates to the note for $360, dated March 21, 1864, and due at one year, be reversed, and that as to this note there be judgment against plaintiff as of nonsuit, and that as thus amended the judgment be affirmed, with costs in the lower court; plaintiff to pay costs of appeal.

Rehearing refused.